MANDATORY FORM PLAN (Revised 05/2014)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| In re:   Jennifer L. Wright | : | Case No. |
| | | Chapter 13 |
| | : | Judge _____ |
| **Debtor(s)** | | |
| | : | |
| | | **CHAPTER 13 PLAN** |
| | : | |

**NOTE**: The term "Debtor" as used throughout this Plan shall refer to either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using the Mandatory Form Plan adopted in the Western Division at Cincinnati. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. The term "LBR" shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

---

**CHOOSE ONE: (X)**

☒ Original Chapter 13 Plan

☐ Amended Chapter 13 Plan

---

**CHOOSE ONE: (X)**

☒ This Plan DOES NOT include any provisions deviating from the uniform plan in effect at the time of filing this case.

☐ This Plan DOES contain special provisions and they are set forth in Paragraph 30

---

**Debtor(s) filed this case on: March 3, 2015,**

---

**CHOOSE ONE: (X)**

☒ Debtor  **Jennifer L. Wright**   (Name)/ ☐ Joint Debtor

**(NAME)** is/are eligible for discharge under 11 U.S.C. § 1328(f) and shall receive a discharge when all applicable requirements of 11 U.S.C. § 1328 have been fulfilled.

☐ Debtor _____   (Name)/ ☐ Joint Debtor

**(NAME)** is/are NOT eligible for discharge under 11 U.S.C. § 1328(f) and SHALL NOT receive a discharge upon completion of this case. (No discharge because Debtor has received a discharge in a case filed under Chapter 7, 11, or 12 within the four (4) year period preceding the date of the order for relief in this Chapter 13 case or because Debtor has received a discharge in a case filed under Chapter 13 within the two (2) year period preceding the date of the order for relief in the Chapter 13 case. *See* 11 U.S.C. § 1328(f). List the case number(s) and date(s) below.)

| Debtor/Joint Debtor/Both | Case Number | Chapter | Date Filed |
|---|---|---|---|
| | | | |
| | | | |

Unless otherwise provided herein, Debtor will not be discharged from debts under 11 U.S.C. 1322(b)(5).

MANDATORY FORM PLAN (Revised 05/2014)

1. **MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**

   A. **MEDIAN INCOME**

   **CHOOSE ONE: (X)**

   ☒ Debtor is BELOW median income.

   Unless allowed unsecured claims are to be paid 100%, this Plan shall not provide for less than the sum of thirty-six (36) monthly Plan payments. This provision does not prohibit Debtor from moving for leave to prepay the Plan prior to thirty-six (36) months of Plan payments.

   ☐ Debtor is ABOVE median income.

   Current monthly income (CMI) minus means test expenses (IRS amounts) = Disposable income (D/I)

   D/I (line 59 of the means test) $ n/a TIMES 60 = $n/a

   Unsecured creditors shall receive this amount at a minimum absent special circumstances set forth herein. Unless allowed unsecured claims are to be paid 100%, this Plan shall not be provide for less than the sum of sixty (60) monthly plan payments. This provision does not prohibit Debtor from moving for leave to prepay the Plan prior to sixty (60) months of Plan payments.

   ☐ *Hamilton v. Lanning (In re Lanning)*, 130 S.Ct. 2464 (2010) circumstances ARE applicable to this case. Debtor is unable to meet the disposable income amount to unsecured creditors because

   Debtor will provide tax returns and paystubs to Debtor's attorney by April 15th of every year. Debtor's attorney will file a status report on Debtor's income and state whether *In re Lanning* circumstances still exist by April 30th of every year, and file amended Schedules I, J, and a motion to modify plan if income increases. This is a sixty (60) month plan.

   B. **PLAN PAYMENT**

   Debtor's first Plan payment is due within thirty (30) days of filing of the bankruptcy petition. Debtor shall pay to the Trustee all projected disposable income in the amount of $325.00 each month [for approximately  54  months, but not to exceed five (5) years.

   After the deadline for allowed claims has expired, if the Plan will complete in fewer months than the applicable commitment period set forth in 11 U.S.C. § 1325(b)(1)(B), the Trustee may notify Debtor's attorney via email, and at least fourteen (14) days later shall be entitled to file a notice of increased Plan percentage accordingly.

   C. **PERCENTAGE: UNSECURED CLAIM PERCENTAGE AND/OR POT AMOUNT**

   **CHOOSE ONE: (X)**

   ☒ This is a percentage plan. The percentage is  1 %.

   ☐ This is pot plan.

   **Liquidation Analysis per 11 U.S.C. § 1325(a)(4):**

   Equity $ 0.00  DIVIDED BY unsecured debt $ 33,374.40  equals Liquidation plan percentage  0  %.

   The Trustee will pay this amount at a minimum or the disposable income (D/I) amount, whichever is greater.

   **Pot plan analysis:**

   Trustee will pay the creditors the pot plan amount of $  n/a  .
   Anticipated pot plan percentage is   n/a   % *See* LBR 3015-1(b)(2).
   Case will pay $  n/a   per month for approximately   n/a   months which equals $  n/a  . Unsecured creditors will receive a minimum of   n/a   % pursuant to the liquidation analysis.

Trustee may notify Debtor's attorney if pot amount is insufficient to pay all claims as filed or meet the liquidation analysis. Trustee may file a motion to dismiss for failure to file documents, if a motion to modify plan or agreed order is not filed to resolve the insufficient pot amount.

**D. PAYROLL DEDUCTION**

The first payment is due thirty (30) days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. *See* 11 U.S.C. § 1326(a)(1).

The Employer shall make deductions from employee's wages and send deductions to the Chapter 13 Trustee.

|     | **Name of Employer** |
| --- | --- |
| a.  | King's Daughters Medical Center, PO Box 151, Ashland, KY 41101 |

Until the payroll order begins, the Debtor MUST make payments by certified check or money order to:

Office of the Trustee
P.O. Box 290
Memphis, TN 38101-0290

Debtor's full name, case number and address must be on all certified checks or money orders. If Debtor is employed, Debtor's attorney has uploaded an Order for payroll with the filing of this Chapter 13. Debtor MUST VERIFY with their payroll that funds have actually been sent.

**2. EFFECTIVE DATE OF PLAN AND VESTING OF PROPERTY OF THE ESTATE**

The effective date of the Plan shall be the date of confirmation of the Plan.

Title to the Debtor's property shall revest in Debtor upon confirmation of the Plan; provided, however, Debtor may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in LBR 6004-1(c), unless the unencumbered value of the personal property is less than $1,000.

**3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS - PRIORITY PAYMENTS**

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order. *See* Fed. R. Bankr. P. 3002(c).
The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient. All priority creditors under 11 USC Section 507 shall be paid in full in deferred cash payments. Priority claims include the following:

| **Priority Creditor** | **Monthly Payment** | **Interest Paid (None OR Indicate %)** |
| --- | --- | --- |
|     |     |     |

**4. ATTORNEY FEES.**

The Trustee shall pay Attorney fees pursuant to filed application for fees and order of the Court.

Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees and then $190.00 (suggested amount is $100 to $200) every month until the balance of the attorney fees are paid.

After payment in full of attorney fees due to Debtor's attorney, any resulting additional funds shall be distributed pro rate, or otherwise at the Trustee's discretion, to secured and priority creditors. If monthly secured and priority payments exceed the Plan payment, monthly attorney fees payments will be reduced accordingly.

**5. ADEQUATE PROTECTION PLAN DISBURSEMENTS -**

Debtor shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. § 1326(a)(1)(B) and (C) and as scheduled in the Plan to the Trustee. If the case is dismissed or converted, the Trustee shall pay these adequate protection payments to the creditor.

The Trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim. Trustee suggests 1.5% of retail.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
|  |  |  |

To the extent that this Paragraph duplicates Paragraphs 7 and 8, monthly payments proposed for secured claims in Paragraphs 7 and 8 supplant these monthly adequate protection payments.

**6. SECURED CLAIMS: 11 U.S.C. 1325 (a)(5)(B)(ii)**

Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt determined under applicable non-bankruptcy law or entry of discharge, whichever occurs first. See 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa)-(bb). Following the earlier of these events, the creditor must release the underlying lien(s) and transfer title to any collateral pursuant to non-Bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims

**7. CLAIMS TO WHICH 11 U.S.C. § 506(a) IS NOT APPLICABLE (910/PMSI)**

Debtor(s) incurred the following debt for a purchase money security interest on an automobile for personal use within 910 days of filing or Debtor incurred this debt for a purchase money security interest on collateral other than an automobile within one (1) year of filing.

| Creditor | Collateral Description | Last Four Digits of Acct. No. | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|---|
|  |  |  |  |  |

**8. VALUATION: 11 U.S.C. § 506 (CRAMDOWN)**

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 U.S.C § 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed below, the available funds will be disbursed by the Trustee according to the funds on hand, and approximate the amounts listed below as closely as possible

|  | Creditor | Collateral Description | Last Four Digits of Acct. No. | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|---|---|
| a. | Eagle Loan | Personal loan w/ misc hhgs as collateral | 6888 | $10.00 | $100.00 |
| b. | Honda Financial | 2012 Honda Civic | 4766 | $100.00 | 12,100.00 |

**9. DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6);**

**CHOOSE ONE: (X)**

☒ This Paragraph is not applicable.

☐ Debtor _____ **(NAME)** is obligated to pay a domestic support obligation.

☐ Joint Debtor _____ **(NAME)** is obligated to pay a domestic support obligation.

Provide the name, address and phone number of the **recipient(s)**:

| Recipient Name | Address | Phone Number | Obligor |
|---|---|---|---|
|  |  |  |  |

The domestic support obligations(s) above shall be paid as follows:

| Recipient Name | Paid By | Estimated Arrearage Amount, If Any, To Be Paid | Monthly Arrearage Payment | Regular Monthly Payment | Total Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"**

Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| Creditor | Collateral Description | Last Four Digits of Acct. No. | Monthly Payment | Est. Amt of Default Being Cured | Interest Paid (None OR Indicate %) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Arrearage Claim(s)**

Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest. Unless modification of creditor(s)' rights is specified in the Plan, the Debtor's statement of the arrearage(s) under this paragraph shall be considered estimate, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective proofs of claim (subject to Debtor's objections thereto).

**11. MORTGAGE CLAIMS AND OTHER CLAIMS SECURED BY REAL PROPERTY**

**Post-Petition Mortgage Payment Disbursed By Trustee (conduit)**

**Regular mortgage payment**

Trustee shall pay the regular mortgage (monthly) payments beginning with the first payment due after the filing of the case as indicated below. Any proof of claim must specify the arrearage amount and the principal amount and monthly payment amount. *See* Form B 10, Proof of Claim; For B 10A (Attachment A), Mortgage Proof of Claim Attachment. Also, the holder of the mortgage shall file a Form B 10S1 (Supplement 1), Notice of Mortgage Payment Change and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the Notice of Mortgage Payment Change. *See* Fed. R. Bankr. P. 3001 and 3002.1; see also Form B 10S2 (Supplement 2), Notice of Postpetition Mortgage Fees, Expenses, Charges.

| Creditor | Property Address | Last Four Digits of Acct. No. | Monthly Payment | Payment Begin Date |
|---|---|---|---|---|

MANDATORY FORM PLAN (Revised 05/2014)

|  |  |  |  |  |  |
|--|--|--|--|--|--|
|  |  |  |  |  |  |

Interest should not be paid on this monthly payment.

Trustee may increase the plan payment for conduit cases if served with a filed Notice of Payment change by mortgagee.

## 12. CREDITORS PAID DIRECTLY AND NOT BY THE TRUSTEE

Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| Creditor | Property Address | Last Four Digits of Acct. No. | Monthly Payment | Payment Begin Date |
|---|---|---|---|---|
|  |  |  |  |  |

Debtor(s) reserve the right to amend and pay these creditors through the Plan by filing a Motion to Modify.

## 13. EXECUTORY CONTRACTS IF APPLICABLE

*See* Schedule G - Executory Contracts and Unexpired Leases.

|  | Creditor, Collateral Description, and Last Four Digits of Acct. No. | Monthly Payment | Payment Begin Date | Payment End Date | Assume/ Reject |
|---|---|---|---|---|---|
| a. | Sprint, cell phone contract | $166.00 | March 2015 | 12/2016 | Assume |
| b. | Trent Knittle, lease on Single Family Residence located at 1316 Mound Street, Portsmouth, Ohio 45662 | $550.00 | March 2015 | 07/2015 | Assume |

## 14. POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS

Post-petition claims which are allowed and upon which creditors file a proof of claim shall be paid the same percentage as pre-petition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. Debtor may file a motion to remove or add any creditor to the Plan.

## 15. INTEREST RATE

Unless indicated below, secured claims shall be paid interest at the annual percentage rate of  4.75%  based upon a declining monthly balance on the amount of the allowed secured claim. This interest shall be paid as a part of payments shown as a part of payments shown as the monthly payment. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

## 16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)

Debtor shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Bankruptcy Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders. The Debtor's case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims has been paid into the plan or the Court so otherwise orders.

## 17. TAX RETURNS AND REFUNDS

Debtor must file tax returns every year unless exempt by IRS statutes. Any refund above $800.00 for a single tax return and $1,600.00 for a joint tax return must be turned over to the Trustee unless otherwise ordered by the Court. Debtor may file a motion to retain if the funds are necessary for their maintenance and support.

**18. TRANSFERRED CLAIMS**

If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. *See* Fed. R. Bankr. P. 3001(e)(2).

**19. SALE OF REAL ESTATE AND/OR APPLICATION TO INCUR DEBT FOR REFINANCING**

Sale or refinancing of real estate must occur per the Local Bankruptcy Rules. The Trustee must be served with a copy of the closing statement one day before the closing.

**20. CASUALTY LOSS INSURANCE PROCEEDS**

All insurance proceeds must be turned over to the Trustee unless the Debtor(s)' Counsel files a motion to retain proceeds.

**Substitution of Collateral**

If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the Debtor, upon motion and order, shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or substitute collateral by purchasing a replacement vehicle.

Unless the Court orders otherwise, the Trustee will continue to pay the secured claim.

**21. STUDENT LOANS**

**CHOOSE ONE (X)**

☐ This Paragraph is not applicable.

☒ No special treatment is contemplated for student loans, which shall be paid the same as other general unsecured creditors pursuant to Paragraph 1(C) of this Plan.

☐ Student loans will be paid a dividend as listed below. **Note: Debtor may only pay interest to an unsecured creditor if all claims are paid in full.** *See* **11 U.S.C. Section 1322(b)(10).**

| Creditor | Percentage Paid | Rate of Interest (Indicate %) |
|---|---|---|
|  |  |  |

☐ Student loans are being paid directly by cosigner and shall not be paid through the Plan.

| Creditor | Name of Cosigner Paying |
|---|---|
|  |  |

**22. SURRENDER OF COLLATERAL**

Debtor will surrender the following collateral:

| Creditor | Collateral Description/ Property Address | Last Four Digits of Acct. No. | Estimated Deficiency Amount |
|---|---|---|---|
|  |  |  |  |

If the Plan provides for surrender of collateral in paragraph 30 below to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral. Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. Section 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender. Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

## 23. DISCHARGE - 11 U.S.C. § 1328

Please refer to the beginning of this Plan.

## 24. AUTOMATIC STAY:

☐ Indicate if a motion to extend or impose stay has been filed.

**CHOOSE ONE: (X)**

☒ Stay is in effect as to all property of the estate unless this Plan indicates otherwise.

☐ 11 U.S.C. § 362(c)(3). One (1) prior case pending within one (1) year.

☐ 11 U.S.C. § 362(c)(4). Two (2) or more prior cases pending within one (1) year.

☐ 11 U.S.C. § 362(b)(20). *In rem* relief within two (2) years after the date of entry of order for relief in the prior cases.

## 25. CODEBTORS 11 U.S.C. § 1301(b)(1)

**CHOOSE ONE: (X)**

☒ This section is not applicable.

☐ No special treatment is contemplated for claims for consumer debt of Debtor that another individual is liable on with Debtor.

☐ Under Paragraph 30, the Plan proposes to treat claims for consumer debt of Debtor that another individual is liable on with Debtor differently than other unsecured claims.

☐ Under this Paragraph, the Plan proposes to treat claims for consumer debt of Debtor that another individual is liable on with Debtor differently than other unsecured claims.

| Creditor | Collateral Description | Last Four Digits of Acct. No. | Percentage Paid | Interest Paid (None OR Indicate %) |
|---|---|---|---|---|
|  |  |  |  |  |

## 26. DEFAULT AND WAIVER

Any default of the Debtor(s) that is not proposed to be cured in the Plan herein is deemed waived by the confirmation of the Plan.

## 27. MODIFICATION

After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the Debtor so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the Debtor(s) or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, Debtor(s) must file a motion to modify and attach amended schedules I and J based on income and budget at the time of the filing of the motion, as applicable.

## 28. NOTICES

Notice to all parties shall be made by regular mail or electronically.

**29. CONFIRMATION**

The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. Section 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the Debtor(s) in good faith and it is the Debtor(s)' best effort. All conditions of 11 U.S.C. section 521 have been fulfilled or the Debtor(s) have requested an order from the Court.

**30. ADDITIONAL PROVISIONS PERTAINING TO THE DEBTOR(S)**

Special provisions are restricted to those items applicable to the particular circumstances of the Debtor. Special provisions shall not contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules or the Mandatory Form Plan.

| | **Special Provisions:** |
|---|---|
| a. | none |

The undersigned hereby certify that the Plan does not contain any alterations to the text of the Mandatory Form Plan unless otherwise ordered by the Court.

**Case Attorney:**

/s/ David Hoff OH-0083886                      3/3/2015
David Hoff OH-0083886                          Date
DAVID KRUER & COMPANY, LLC
Attorneys for Debtor(s)
800 Gallia Street, Suite 28
Portsmouth, OH 45662
740-354-4483

The undersigned declare under penalty of perjury that the information in this Plan is true and correct.

/s/ Jennifer L. Wright                         3/3/2015
Jennifer L. Wright                             Date

☒ This Plan was filed with the petition or within seven (7) days thereafter. Accordingly, the Court will serve the Plan. See LBR 3015-1(b).

☐ This Plan was not filed with the petition or within seven (7) days thereafter. Accordingly, the Debtor will serve the Plan. See LBR 3015-1(b).